USDC - GREENBELT
'24 MAY 23 PM 2:52

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WARREN GRAY,                          *

Petitioner,                           *

v.                                    *            **Civil Action No. LKG-21-2747**

WARDEN, WCI,                          *

Respondent.                           *

### MEMORANDUM OPINION

Warren Gray filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Respondent filed an answer to the petition asserting it must be dismissed because the claims are either non-cognizable, unexhausted, or procedurally defaulted. ECF 4. Gray filed two replies. ECF 6, 8. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, Ground Three is dismissed without prejudice, the petition shall be dismissed, and a certificate of appealability shall not issue.

### I.      BACKGROUND

On October 29, 2018, Gray was indicted on thirty-nine counts associated with three armed robberies. ECF 4-1, at 7. On April 19, 2019, Gray's counsel requested a postponement of the trial date for additional trial preparation. *Id.* at 33. The Circuit Court granted the postponement, finding "good cause shown." *Id.* Shortly after the postponement, Gray filed a *pro se* motion to dismiss, arguing that his trial was not set within 180 days of his counsel's appearance per Maryland statutory requirements ("*Hicks* Rule"). *See* Md. Rule 4-271(a)(1).

On May 28, 2019, the trial date was postponed a second time after a request from the prosecution. *Id.* at 36. Gray's counsel filed a motion to dismiss the charges based on the *Hicks* Rule. *Id.* at 39-40. On July 22, 2019, the Circuit Court held a hearing on Gray's motion to dismiss. ECF 4-3. There was some disagreement about exactly when Gray's original counsel made her first appearance, but Gray's counsel argued that the trial date was set past the *Hicks* Rule deadline, regardless of the precise calculation. *Id.* at 4. The state argued that the first postponement occurred because the defense asked for extra time to try to secure exculpatory evidence and the second postponement was originally a joint postponement, but Gray objected, so it ended up a request by the state for extra time for trial preparation. *Id.* at 6-8. The Circuit Court denied Gray's motion to dismiss, concluding that good cause was found for each postponement, and the delay was not extraordinary because the trial date was set for only three months past the 180-day deadline of June 1, 2019. *Id.* at 8-9.

From August 27, 2019, through August 28, 2019, Gray was tried by a jury sitting in the Circuit Court for Baltimore County, Maryland. ECF 4-1. at 9.  Gray was found guilty on all six counts submitted to the jury. *Id.* at 6-7. On September 16, 2019, the Circuit Court sentenced Gray to thirty-five years' incarceration.  *Id.* at 7-8.

Gray filed a direct appeal with the Appellate Court of Maryland. *Id.* at 49-85. His appellate counsel filed a brief that asserted one assignment of error: the trial court erred in denying his motion to sever the counts associated with the separate robberies. *Id.* at 49-80. Gray filed a separate *pro se* brief asserting an additional assignment of error, that the trial court erred in denying his motion to dismiss based on a violation of the *Hicks* Rule and the Sixth Amendment to the Constitution of the United States. *Id.* at 81-85. On October 16, 2020, the Appellate Court of Maryland issued an order, lifting a previously issued stay on the appeal and accepting for filing

the brief submitted by Gray's counsel and the brief submitted by the state. *Id.* at 114. The order did not mention Gray's *pro se* brief. *Id.*  On May 11, 2021, the Appellate Court of Maryland affirmed Gray's conviction and sentence. *Id.* at 120-138. The opinion solely addressed the counseled assignment of error. Gray did not seek any further relief with the Appellate Court of Maryland on the grounds that the opinion failed to consider his *pro se* brief, nor did he seek further review with the Supreme Court of Maryland of either of the errors assigned in his counseled or *pro se* briefs.

Gray filed his petition for writ of habeas corpus in this Court on October 26, 2021.  ECF 1. Gray alleges three claims for relief: (1) the trial court violated the *Hicks* Rule; (2) the trial court violated his speedy trial rights; and (3) his counsel was ineffective for failing to adequately vindicate his rights under the *Hicks* Rule. Respondent argues that Ground One is a state law, non-cognizable claim (ECF 4, at 23-24), Ground Two is procedurally defaulted (*id.* at 25-29), and Ground Three is unexhausted (*id.* at 36-37).

In response to Respondent's argument that Ground Three is unexhausted, the Court entered an Order addressing the issues associated with a petition that includes both exhausted and unexhausted claims. ECF 5. The Order directed Gray to advise the Court whether he intended to dismiss Ground Three or dismiss the entire petition without prejudice. *Id.* Gray responded and advised the Court that he intends to waive Ground Three. Accordingly, the Court will dismiss Ground Three without prejudice and proceed with the disposition of Grounds One and Two. ECF 8.[1]

---

[1]      Gray originally asked the Court to "proceed with review of his entire petition." ECF 6. The Court issued a second Order (ECF 7) directing Gray to select a valid option among the two options presented in ECF 6.

## II.     PROCEDURAL DEFAULT

Procedural default occurs when the petitioner failed to present the claim to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted."). As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Appellate Court of Maryland and then to the Supreme Court of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101–7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Appellate Court of Maryland.

*Id.* § 7-109.  If the Appellate Court of Maryland denies the application, there is no further review available, and the claim is exhausted.  Md. Code Ann., Cts. & Jud. Proc. § 12-202.

A procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1).  Maryland law does not permit a second and successive state petition for post-conviction relief.  *See* Md. Code Ann., Crim. Proc. § 7-103(a).

Respondent contends that Ground Two is unexhausted and, consequently procedurally defaulted. First, Respondent argues that Gray did not fairly present his claims to the Appellate Court of Maryland because it did not accept his *pro se* brief for filing. ECF 4 at 25-26. The Court finds this argument unavailing. The record is unclear. The October 16, 2020 order that lifted the stay mentioned the counseled briefs, but it did not specifically reject Gray's *pro se* filing. The Appellate Court of Maryland may have simply overlooked Gray's *pro se* brief when it lifted the stay of his appeal. The Court does, however, agree with Respondent's second argument that Ground Two is unexhausted and procedurally defaulted because Gray did not seek any further review with the Supreme Court of Maryland.  The deadline to file a petition for a writ of certiorari has long since passed. *See* Md. Rule 8-302.

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise

the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. Under the second exception, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Neither exception to the procedural default bar applies here. Gray filed a reply to the respondent's procedural default argument making two arguments for why his failure to exhaust Ground Two should be excused. ECF 6, at 1. First, he faults his appellate counsel for failing to raise Ground Two in his direct appeal brief. An attorney's failure to present an issue on direct appeal can constitute cause for that procedural default, but only if that failure violated the Sixth Amendment's right to counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)). "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Id.* "[P]rinciples of comity and federalism" require that such an ineffective-assistance claim "'be presented to the state courts as an independent claim before it may be used [in a § 2254 proceeding] to establish cause for a procedural default.'" *Id.* at 451, 452 (quoting *Murray*, 477 U.S. at 489). Gray has not presented an ineffective assistance of appellate counsel

claim to the state courts and, thus, it cannot serve as cause to excuse his procedural default of Ground Two.

Next, Gray argues that he could not have pursued an appeal of his *pro se* assignment of error to the Supreme Court of Maryland because the Appellate Court of Maryland did not address the issue. ECF 6, at 1. The Court is not persuaded. The record does not reflect that a remedy was unavailable to Gray. It reflects that Gray made no effort to continue to pursue Ground Two when the Appellate Court of Maryland issued the direct appeal opinion. Gray's reply provides the Court with no excuse for the procedural default of Ground Two. In any event, as discussed below, Ground Two would be dismissed for lack of merit even if it was not procedurally defaulted.

### III.       STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S.415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement")).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or (2)

"resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*.  "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  "Where the state court

conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

## IV.        ANALYSIS

### A. Ground One

In Ground One, Gray contends that the trial court violated the *Hicks* Rule when it failed to bring his case to trial within 180 days of the appointment or appearance of counsel. *See* Md. Rule 4-271(a)(1). Although the Sixth Amendment to the United States Constitution provides that a criminal accused enjoys the right to a speedy trial, Maryland's statutory mandate to try the criminally accused within 180 days does not implicate the Sixth Amendment. *See Vance v. Bishop*, Civil Action No. ELH-18-133, 2020 WL 2732075, at *9 (D. Md. May 22, 2020), *appeal dismissed and remanded on other grounds*, 827 F. App'x 333 (4th Cir. 2020); *see also State v. Hicks*, 403 A.2d 356, 61-62 (1979) (explaining that Maryland intended to provide additional statutory rights beyond the minimum threshold established by the Sixth Amendment).

Even if a violation of the *Hicks* Rule occurred in Gray's case, it is not a cognizable claim for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Ground One is without merit and is dismissed.

**B. Ground Two**

As noted above, Gray referenced the Sixth Amendment right to a speedy trial in his *pro se* brief to the Appellate Court of Maryland. Even if this claim was not procedurally defaulted, it would be dismissed because it lacks merit.

The Sixth Amendment right to a speedy trial is "'fundamental' and is imposed by the Due Process Clause of the Fourteenth Amendment on the States." *See Barker v. Wingo*, 407 U.S. 514, 515 (1972). *Barker* identified four factors that should be balanced in determining whether a defendant has been denied his Sixth Amendment right to a speedy trial: "(1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant." *United States v. Grimmond*, 137 F.3d 823, 827 (4th Cir. 1998) (citing *Barker,* 407 U.S. at 530). "In order to prevail on his claim, [petitioner] must establish that on balance the four separate factors weigh in his favor." 137 F.3d at 827 (internal quotations omitted).

"Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530; *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005). "The length of the delay for speedy trial purposes is measured from the earlier of the date of indictment or the date of arrest." *Cain v. Smith*, 686 F.2d 374, 381 (6th Cir. 1982) (citations omitted). "One year is the 'point at which courts deem the delay unreasonable enough to trigger the *Barker* [i]nquiry." (citing *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992)). Here, Gray was arrested on October 5, 2018, and his trial commenced on August 27, 2019. ECF 4, at 124-127; *Id.* at 9. Consequently, the delay in Gray's trial was less than a year, therefore the delay is not presumptively prejudicial, and there was no violation of his right to a speedy trial.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Gray has failed to satisfy this standard on any of his claims. Therefore, a certificate of appealability shall not issue.

A separate order dismissing the petition and denying a certificate of appealability follows.

5·23·24
Date

Lydia K. Griggsby
United States District Judge

11